LANIER, Judge.
Robert M. Hammons was charged by a bill of information with one count of armed robbery, a violation of La.R.S. 14:64. He was tried by a jury and convicted as charged. The trial court imposed a sentence of forty years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant filed a motion for a new trial, alleging that the verdict was contrary to the law and the evidence. After an evidentiary hearing, the trial court denied this motion. Thereafter, defendant filed a second rpotion for a new trial based on newly discovered evidence. After a *599 lengthy evidentiary hearing, this motion was denied. This appeal followed.
FACTS
Daniel Schmidt, a pharmacist employed by the Lakewood Pharmacy, located in Sli-dell, Louisiana, was robbed shortly before 7:00 p.m. on July 23, 1984. According to several eyewitnesses, a tall, bearded man entered the store at approximately 6:00 p.m. on that day asking if his dentist had called in a prescription to the pharmacy. After learning that no such prescription had been ordered, the man asked what time the pharmacy closed. After being told that it closed at 7:00 p.m., he left the pharmacy.
The man reentered the pharmacy shortly before it closed. He was armed with a handgun and demanded that the pharmacist give him Dilaudid, as well as “uppers,” “downers,” and other controlled dangerous substances. The perpetrator forced the victim to tape together the hands of the other store employees and those of a customer who entered the store while the robbery was in progress. After obtaining the drugs from the pharmacist, the man taped Mr. Schmidt’s hands together. He informed the victim that he had a partner with a police scanner who would return and firebomb the store if the police were summoned, and, then, he left the store.
The victim summoned the police after he freed his hands. During the investigation, the police asked Mr. Schmidt if he had filled a prescription for Dilaudid during the day. Mr. Schmidt related that he had filled one such prescription and produced the name and address of defendant’s father, the party who had obtained it. Defendant and his father, Robert F. “Frank” Ham-mons, lived near Mobile, Alabama. The Slidell police contacted authorities in defendant’s hometown, Pritchard, Alabama, to obtain information about defendant and his father. The police compiled a photographic lineup after obtaining defendant’s photograph from the Alabama police. He was identified by several of the eyewitjness-es. Both defendant and his father were eventually arrested and charged with the robbery of the Lakewood Pharmacy.
The two men were tried together. During the trial, they produced several witnesses who testified that they had returned to the Chickasaw, Alabama home of Frank Hammons between 6:00 and 6:30 p.m. Defendant, a tow truck driver, also produced evidence, including the testimony of a police officer and a police report, that established that he responded to a call for a tow truck at 9:12 p.m. on the evening of the robbery.
NEWLY DISCOVERED EVIDENCE The defendant contends the trial court erred by denying his motion for a new trial based on newly discovered evidence. The newly discovered evidence consisted of testimony of Steve Brown and tape recorded statements of Gary Stanford, admitting that he and Frank Burzik committed the Lakewood Pharmacy robbery. Steve Brown would testify about what Gary Stanford told him in person, while Brown was recording the conversations between them. Steve Brown’s testimony would be corroborated by three tape recorded conversations in which Gary Stanford admitted committing the robbery.
In State v. Prudholm, 446 So.2d 729, 735-736 (La.1984), the Louisiana Supreme Court discussed the standard of review of the denial of a motion for new trial based on newly discovered evidence, as follows:
Louisiana Code of Criminal Procedure article 851 provides in pertinent part that:
The court, on motion of the defendant, shall grant a new trial whenever: ...
(3) New and material evidence that notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict of judgment of guilty....
This rule contains the four generally recognized requisites for the motion for a new trial based on newly discovered evidence: (1) the evidence must have been discovered since the trial; (2) failure to learn of the evidence at the time of trial *600 was not due to defendant’s lack of diligence; (3) it must be material to the issues at the trial; (4) it must be of such a nature that it would probably produce an acquittal in the event of retrial. ...
The application of these precepts to newly discovered evidence by the trial judge, although a question of law, is entitled to great weight, and his discretion should not be disturbed on review if a reasonable man could differ as to the propriety of the trial court’s action. ... On the other hand, the discretion vested in the trial court must be exercised in whole-hearted good faith and be guided by the statutes, not by the court’s private opinion of what the statute ought to be. ... The trial judge’s duty is not to weigh the new evidence as though he were a jury determining guilt of innocence, rather his duty is the narrow one of ascertaining whether there is new material fit for a new jury’s judgment. [Citations omitted.]
In State v. Talbot, 408 So.2d 861 (La.1980) {on rehearing), the Louisiana Supreme Court set forth the scope of the trial judge’s duty in reviewing a motion for a new trial based on newly discovered evidence. Therein, the court noted that the trial judge is charged with the narrow duty of determining only whether or not there was new. material fit for a new jury’s judgment.[1] It is not for the judge to determine the guilt or innocence of the accused; nor is the judge permitted to weigh the new evidence as though he were a jury, determining what is true and what is false. A reviewing court will defer to a trial court’s reasonable decision in a situation calling for discretion when resolving a new trial motion; however, in situations in which discretion is inappropriate, an incorrect decision is not entitled to deference.
The trial court’s written reasons for judgment denying defendant’s motion for a new trial are as follows:
In support of the motion, defendant produced Steve Brown for whom he posted bail, and in alleged cooperation with Detective Jimmy Penton, a Slidell police officer on assignment with DEA, was wired for the purpose of obtaining admissions from Stanford that among other criminal activity, Stanford and Frank Berzik committed the Lakeside Pharmacy robbery. Stanford and Berzik are currently incarcerated at the St. Tammany Parish Jail and Washington Correctional Institute, respectively, for other crimes. The tapes produced by Brown and offered by defendant in support of this motion are inconclusive proof that defendant was erroneously convicted. Based on the lengthy criminal record held by Brown, who is also incarcerated at WCI, the Court doubts the credibility of his testimony. Rather, the Court is persuaded by the identifications of defendant as the perpetrator of the robbery made by the victim prior to trial through photographic lineup, at trial and, for a third time, at hearing on this motion.

After a thorough review of the record and considering all the evidence including tapes, testimony and photographs, and particularly three positive identifications of defendant by the victim and the dubious credibility of defendant’s prime witness, the Court denies the motion for new trial.

[Emphasis added.]
Thus, the trial court specifically based its denial of defendant’s motion on its opinions that defendant was guilty of the charge for which he was convicted and that the newly discovered evidence was not credible. Such determinations are beyond the scope of the *601 trial court’s duty in evaluating newly discovered evidence. Accordingly, the trial court’s denial of defendant’s motion for a new trial was based on legal error and must be reversed.
DECREE
For the foregoing reasons, the judgment of the trial court denying the motion for a new trial based on newly discovered evidence is reversed, and this case is remanded to the trial court for a new hearing on that motion in accordance with the views expressed herein.
JUDGMENT ON MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE REVERSED, AND CASE REMANDED FOR A NEW HEARING ON THE MOTION.
CARTER, J., concurs.

. The court characterized that duty as follows: The judge’s duty was the very narrow one of ascertaining whether there was new material fit for a new jury’s judgment. If so, will honest minds, capable of dealing with evidence, probably reach a different conclusion, because of the new evidence, from that of the first jury? Do the new facts raise debatable issues? Will another jury, conscious of its oath and conscientiously obedient to it, probably reach a verdict contrary to the one that was reached on a record wholly different from the present, in view of evidence recently discovered and not adducible by the defense at the time of the original trial?
[State v. Talbot, 408 So.2d at 885]